*924 OPINION.
Love:
At various times subsequent to March 1, 1913, the petitioner acquired certain patents. The record does not disclose whether the patents so acquired were paid for in stock or cash and if in stock, the value of the stock at the time of acquisition. Nor does the record disclose whether during the taxable year in question the patents were in use. Consequently, on the record made, we must approve the Commissioner’s action in disallowing any deduction for depreciation thereon.
The next question for consideration is whether petitioner realized the amount of $29,500 or any amount as profit from the transaction whereby it acquired 545 shares of stock of the Niagara Sales Corporation in exchange for $25,000 in cash and an assignment of the right to sell its products.
Upon a careful examination of all of the evidence adduced, we are convinced that the 545 shares of stock acquired by petitioner were issued solely in consideration of the amount of $25,000 in cash. The assignment of the right to sell its products was, we believe, of no consequence in determining a gain, because, as far as we can determine, such right had no value.
We are further convinced by the evidence that the stock of the Niagara Sales Corporation did not have a fair market value of $100 per share or any value in excess of $45.87 per share, being the amount paid therefor by petitioner, considering that 545 shares were purchased for $25,000. Accordingly, the Commissioner’s action in increasing petitioner’s taxable income for 1920 by the amount of $29,500 is reversed.
No evidence was offered with respect to petitioner’s allegation that it was affiliated with the Niagara Saies Corporation, and there is nothing in the record which warrants us in disturbing the Commissioner’s determination is regard thereto. It is, therefore approved.
Judgment will be entered on 15 days’ •notice, Wider Bule 50.